# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KENNETH WINFIELD, a/k/a ) | |
| KENNETH WENFEEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:15-CV-959 CAS |
| ) | |
| IAN WALLACE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on state prisoner Kenneth Wenfeel's action pursuant to 28 U.S.C. § 2254.[1] This case was referred to United States Magistrate Judge John M. Bodenhausen for report and recommendation on all dispositive matters and for final disposition on all non-dispositive matters, pursuant to 28 U.S.C. § 636(b).

**I. Background**

On August 27, 2015, petitioner filed a pro se "Request for Stay/Abeyance of His Habeas Action to Allow Him to Pursue Abandonment Action in State Court Regarding Unexhausted Claims 2-9 in Habeas Petition as a Result of Counsel's Failure to Appeal the Denial of the Rule 29.15 Post-Conviction Motion for Relief" ("Motion to Stay"). In the Motion to Stay, petitioner seeks to invoke the "stay and abeyance" procedure of Rhines v. Weber, 544 U.S. 269, 277 (2005), to permit him to return to state court to pursue unexhausted claims 2-9 of the habeas petition. The Motion to Stay asserts that petitioner filed a motion to reopen his postconviction case in the Circuit Court of the City of St. Louis. Petitioner states that his motion to reopen alleges that postconviction counsel

---

[1] Missouri Department of Corrections records show that petitioner's name is Kenneth Winfield, but all state court documents and petitioner's filings in this Court refer to petitioner as Kenneth Wenfeel. The Court will refer to petitioner as Kenneth Wenfeel.

abandoned him by failing to file an appeal after the denial of petitioner's Missouri Supreme Court Rule 29.15 motion for postconviction relief.[2]

The motion to reopen petitioner describes in the Motion to Stay is the second motion to reopen he filed in state court. Before the Motion to Stay was filed, petitioner had previously filed a motion to reopen the postconviction proceeding and the state court dismissed it on June 1, 2015. The state court described the motion to reopen as asserting that petitioner was abandoned by postconviction counsel's failure to review his pro se claims and amend them to include sufficient facts in order for the motion court to engage in a meaningful review. The state court rejected petitioner's the motion to reopen on the merits, concluding his "claim of abandonment is without merit because it is clear from the record that counsel's filing of a statement in lieu of an amended motion did not deprive movant of a meaningful review of his claims." See Wenfeel v. State of Missouri, No. 1322-CC00262, Order of June 1, 2015 at 2-3 (Resp.'s Ex. O, Doc. 12-15).

Petitioner did not appeal of the denial of his motion to reopen the Rule 29.15 proceeding. Instead, on June 11, 2015, petitioner refiled the motion to reopen, asserting that the state court failed to address the second claim of abandonment it raised: that postconviction counsel abandoned petitioner by failing to file an appeal of the denial of his original postconviction motion. (Resp.'s Ex. P, Doc. 12-16). The state court has not ruled on the re-filed motion to reopen and it remains pending as of the date of this order.[3]

---

[2]Petitioner did not file a motion for leave to file a late notice of appeal of the denial of his motion for postconviction relief, as permitted by Missouri Supreme Court Rule 30.03.

[3]The Court takes judicial notice of the proceedings in Wenfeel v. State of Missouri, No. 1322-CC00262 (22nd Jud. Cir., State of Mo.), *available through* Missouri Case.net, www.courts.mo.gov/casenet.

On October 15, 2015, the Magistrate Judge filed a Report and Recommendation of United States Magistrate Judge which recommended that this Court deny the Motion to Stay and permit petitioner to delete his unexhausted claims and proceed with the single exhausted claim.[4] The Report and Recommendation stated the Motion to Stay should be denied because petitioner has not shown good cause for his failure to exhaust his claims in state court before filing them in federal court, as required by Rhines, 544 U.S. at 277, primarily because petitioner's "abandonment" claim is meritless as found by the state circuit court in its ruling on petitioner's motion to reopen the Rule 29.15 proceeding. Report and Recommendation at 3 (Doc. 13).

Petitioner filed timely objections to the Report and Recommendation, asserting that "[t]here seems to be a big misunderstanding here because like the State Circuit Court, this Honorable Federal Court only addresses one of the two 'Abandonment' issues that Petitioner put forth." Pet.'s Objs. at 1. Petitioner states, correctly, that he raised two abandonment claims in his state court motion to reopen, the state court only addressed one of those claims and failed to address the second, and the Magistrate Judge similarly did not address the existence of the second claim or the pending motion to reopen. Petitioner asserts that his habeas petition should be stayed because his second abandonment claim is meritorious, it has not been addressed by the state court and is pending therein, and for the same reason he should not be required to delete the unexhausted claims from the petition.

---

[4]The Magistrate Judge could have ruled directly on petitioner's Motion to Stay, as the motion raises a non-dispositive matter.

3

**II. Discussion**

    A. <u>Legal Standards</u>

A petitioner must first exhaust his state law remedies before a federal court may grant relief on the merits of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999). Petitioner's Motion to Stay concedes that the claims in Grounds 2-9 of the habeas petition are not exhausted because he failed to raise the claims in an appeal of his post-conviction proceeding. See <u>O'Sullivan</u>, 526 U.S. at 845 ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). Where a habeas petition contains unexhausted claims, the case must be dismissed without prejudice to afford the petitioner an opportunity to exhaust the claims in state court. <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). Because of the one-year limitation period of 28 U.S.C. § 2254(d), however, habeas petitioners may not be able to return to state court, exhaust their claims and get back to federal court within one year. The "stay and abeyance" procedure, used when a federal habeas petitioner presents a "mixed" habeas petition containing exhausted and unexhausted claims, is intended to avoid this hardship. See <u>Rhines</u>, 54 U.S. at 273-77.

Under the stay and abeyance procedure, a federal district court has discretion to stay the habeas action to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his petition. <u>Rhines</u>, 544 U.S. at 275-76. Stay and abeyance is an extraordinary measure and only appropriate in limited circumstances, when the district court finds good cause for a petitioner's failure to exhaust his claims in the state court, and the unexhausted claims are not "plainly meritless." <u>Id.</u> at 277. "[I]f no state court remedy is available for the unexhausted claim–that is, if resort to the state courts would be futile–then the exhaustion

4

requirement in [28 U.S.C.] § 2254(b) is satisfied," but the claim may have been procedurally defaulted in state court. Armstrong v. Iowa, 418 F.3d 924, 926 (8th Cir. 2005). In such cases, a stay and abeyance is unnecessary, and the federal district court must instead consider whether the claim has been procedurally defaulted and, if so, whether the default may be excused. Id.

B. Petitioner Does Not Show Good Cause For His Failure to Exhaust

Petitioner asserts as good cause for his failure to exhaust state law remedies that state postconviction counsel "abandoned" him by failing to file a notice of appeal from the denial of petitioner's Rule 29.15 motion. The Missouri Supreme Court has recognized a narrow exception to the time limits of Rule 29.15 "to give a motion court authority to 'reopen an otherwise final post-conviction case when a post-conviction movant is abandoned by counsel.'" Gehrke v. State, 280 S.W.3d 54, 57 (Mo. 2009) (en banc) (quoted case omitted). The Missouri Supreme Court has recognized abandonment in three specific situations, see id., none of which apply here.

Petitioner's argument that his refiled motion to reopen establishes good cause under Rhines fails, because the Missouri Supreme Court has expressly "decline[d] to expand the abandonment doctrine to include postconviction counsel's failure to properly file a notice of appeal after a motion court has overruled the movant's postconviction motion." Gehrke, 280 S.W.3d at 58. The Court explained that a movant's ability to seek a late appeal was key to its reasoning:

> In deciding that failure to file a notice of appeal is not abandonment, this Court recognizes that Rule 30.03 allows a movant to seek a special order permitting a late filing of the notice of appeal. While a notice of appeal normally must be filed within 10 days after a judgment becomes final, Rule 30.03 permits a movant, for good cause shown, to file a late notice of appeal within 12 months after judgment becomes final, if the movant receives leave of court to file out of time. One year is sufficient time for a movant to discover that postconviction counsel has not filed, or not filed properly, a notice of appeal within the required 10–day period and to correct counsel's failure to act. While this Court's ruling places a burden on a movant to ascertain whether a proper notice of appeal has been filed timely, it is not an unreasonable burden.

5

Gehrke, 280 S.W.3d at 58; see Brown v. State, 289 S.W.3d 792, 793-94 (Mo. Ct. App. 2009).

Here, petitioner does not show good cause for failing to exhaust his state law remedies as required by Rhines. This is because postconviction counsel's failure to file a notice of appeal of the denial of petitioner's 29.15 motion is not abandonment, and petitioner's motion to reopen the postconviction proceeding is meritless.

C. Petitioner's Claims are Exhausted Because He Has No Non-Futile Remedies

In addition, as stated above, exhaustion includes situations where there are no other non-futile state remedies available to a petitioner. Armstrong, 418 F.3d at 926; Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). In Missouri, Rule 29.15 is the "exclusive procedure by which [a convicted] person may seek relief in the sentencing court" for claims that his conviction was obtained in violation of the state or federal constitutions. Mo. S. Ct. R. 29.15; Sanders v. Bowersox, 2014 WL 3361766, at *2 (E.D. Mo. July 9, 2014). Petitioner cannot file a new motion under Rule 29.15, as the Rule states, "The circuit court shall not entertain successive motions." Mo. S. Ct. R. 29.15(l). Although petitioner's motion to reopen his Rule 29.15 proceeding is still pending in state court, the motion is futile under the Missouri Supreme Court's decision in Gehrke.[5]

The Court concludes petitioner has no other non-futile state court remedies left to exhaust. Petitioner's Grounds 2-9 are therefore considered exhausted for federal habeas purposes. See Armstrong, 418 F.3d at 926.

---

[5] While petitioner could file a petition for writ of habeas corpus under Missouri Supreme Court Rule 91, Rule 91 is not a part of Missouri's established appellate review process and such a petition would not satisfy the exhaustion requirement of 28 U.S.C. § 2254. See Poison v. Bowersox, 595 F.3d 873, 875 (8th Cir. 2010) (holding that Rule 91 proceedings are "other collateral review with respect to the pertinent judgment or claim" under 28 U.S.C. § 2244(d)(1)).

### III. Conclusion

Because the petition's grounds are exhausted for the reasons discussed above, petitioner does not present a mixed petition of exhausted and unexhausted claims and the petition cannot be considered for stay and abeyance.[6] See Rhines, 544 U.S. at 277. The Court therefore adopts the Report and Recommendation to the extent it recommends that petitioner's Motion to Stay be denied, but does not adopt the recommendation that petitioner be required to delete Grounds 2-9 as unexhausted.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge is **sustained in part**, **adopted in part** and **incorporated** herein to the extent it recommends that petitioner's Motion to Stay be denied. [Doc. 13]

**IT IS FURTHER ORDERED** that petitioner's Motion to Stay is **DENIED**. [Doc. 10]

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  30th  day of December, 2015.

---

[6]While petitioner's claims are deemed exhausted because he has no available state court remedy, this Court cannot reach the merits of the claims unless petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur if the Court were not to address the claims. See Coleman v. Thompson, 501 U.S. 722 (1991). Whether petitioner meets the federal habeas requirements for cause and prejudice to excuse his procedural default of Grounds 2-9 is a separate issue the Court does not address here.