UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH WINFIELD, a/k/a KENNETH WENFEEL, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 4:15 CV 959 CAS (JMB) ) |
| IAN WALLACE, | ) ) |
| Respondent. | ) ) |

## ORDER

This matter is before the Court on Petitioner's Motion To Withdraw And/Or Delete Grounds Two Through Eight In His Writ Of Habeas Corpus Petition In This Case.[1] (ECF No. 18) In the motion, Petitioner requests that the Court "withdraw, delete, and/or dismiss the unexhausted claims two through eight." (Id. at 1)

The Court notes that in the motion, Petitioner appears to be making his request on the basis of a previous Report and Recommendation filed by the undersigned United States Magistrate Judge in this case. In that previous Report and Recommendation (which was written in response to a "Stay and Abey" motion from Petitioner) the undersigned recommended that the district judge allow Petitioner to delete unexhausted claims from his habeas petition, as required by Rhines v. Weber, 544 U.S. 269, 277 (2005). (See ECF No. 13 at 3)

The District Court, however, in ruling upon objections to that Report and Recommendation, recognized that by the time that the District Court was able to rule on the

---

[1] Petitioner has applied for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was originally assigned to the Honorable Charles A. Shaw, Senior United States District Judge. Judge Shaw referred the matter to the undersigned United States Magistrate Judge for Report and Recommendation on all dispositive matters, and for rulings on all non-dispositive matters. See 28 U.S.C. § 636(b).

-1-

Report and Recommendation, the landscape had changed, and Petitioner was no longer eligible for stay and abeyance under Rhines. This is because Petitioner had no "non-futile" remedies left in state court, and therefore, no longer had any unexhausted claims. (ECF No. 17 at 7)

Due to the passage of time, therefore, the original recommendation that Petitioner be allowed to delete claims 2-8 is no longer relevant. Instead, the claims that Petitioner previously admitted were unexhausted are, at this point, procedurally defaulted, if Petitioner cannot show cause and prejudice for failing to present them to the state courts. See generally Welch v. Lund, 616 F.3d 756, 758 (8th Cir. 2010) (holding that when a petitioner has not properly exhausted state remedies on a claim and the time for doing so has expired, he has procedurally defaulted that claim).

Therefore, the premise of present Motion to Withdraw and/or Delete may no longer be valid. Accordingly, and out of an abundance of caution, the Court wants to ensure that Petitioner is not asking to delete these claims because of the Court's previous Report and Recommendation and a belief that Grounds Two through Eight are non-exhausted. Petitioner is of course allowed to delete these claims, but the Court wants to be clear that Petitioner is not required to delete them.

Should Petitioner fail to respond to this order, the Court will grant the Motion to Withdraw and/or Delete.

Accordingly,

IT IS HEREBY ORDERED that Petitioner shall notify the Court within thirty (30) days of the date of this order whether he wants to – (1) withdraw his Motion To Withdraw And/Or Delete Grounds Two Through Eight In His Writ Of Habeas Corpus Petition In This Case (ECF No. 18); or (2) reaffirm his desire to delete these claims.

IT IS FURTHER ORDERED that, if Petitioner does not respond to the Court within thirty (30) days of the date of this order, Petitioner's Motion To Withdraw And/Or Delete Grounds Two Through Eight In His Writ Of Habeas Corpus Petition In This Case (ECF No. 18) will be granted.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of February, 2016