# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KENNETH WINFIELD, a/k/a KENNETH WENFEEL, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) No. 4:15-CV-959 CAS<br>) |
| IAN WALLACE, | )<br>)<br>) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the federal habeas corpus petition of state prisoner Kenneth Winfield, a/k/a Kenneth Wenfeel, pursuant to 28 U.S.C. § 2254. This case was referred to United States Magistrate Judge John M. Bodenhausen for report and recommendation on all dispositive matters and for final disposition on all non-dispositive matters, pursuant to 28 U.S.C. § 636(b).

The sole remaining claim in the habeas petition is Ground One, which asserts that there was insufficient evidence to support petitioner's convictions for Robbery in the first degree and Armed Criminal Action. Petitioner challenges the State's evidence as "based purely on eyewitness testimony by the victims involved," challenges the quality of the victims' identifications, and asserts that the "State had no other evidence tying Petitioner to either robbery." Pet. at 5-6.

On June 2, 2016, Judge Bodenhausen filed a Report and Recommendation of United States Magistrate Judge which recommended that the petition for writ of habeas corpus be denied. Petitioner filed Objections to the Magistrate Judge's Report and Recommendation, asserting that the Magistrate Judge applied an "inadequate" standard of review and erred in concluding (1) that the Missouri Court of Appeals reasonably determined the facts in this matter and that petitioner is not

entitled to relief; (2) that a Jackson v. Virginia[1] analysis is not concerned with the quality of an eyewitness identification; and (3) that the Magistrate Judge could not engage in an analysis "that was concerned with the quality of the eyewitness identification of the Petitioner[.]" Objections at 2. In the Objections, petitioner insists that his claim is brought only under Jackson v. Virginia, reiterates his criticisms as to the sufficiency and reliability of the eyewitness evidence against him, and asserts for the first time that the pretrial identification procedures utilized by the police were impermissibly suggestive. Id. at 3, 8.

The Court has conducted a thorough de novo review of the entire record of this matter, including the underlying state court record, the parties' briefing, the Report and Recommendation, and petitioner's Objections. After careful consideration following de novo review, the Court concurs in the recommendation and reasoning of the Magistrate Judge and therefore will adopt the Report and Recommendation and deny Winfield's habeas petition.

Petitioner's late assertion in his Objections that the pretrial identification procedures utilized by the police were impermissibly suggestive is procedurally defaulted because petitioner did not raise it on direct appeal in the state courts, and therefore this Court cannot considered it. "A petitioner must present both the factual and legal premises of his claims to the state courts in order to exhaust the claims properly." Dansby v. Hobbs, 766 F.3d 809, 823 (8th Cir. 2014) (internal quotation marks and quoted case omitted). "The legal aspect of this requirement is satisfied if the petitioner's argument to the state court refers to a specific federal constitutional right, a particular

---

[1] Jackson v. Virginia, 443 U.S. 307, 318-19 (1978) (relevant question on federal habeas review of the sufficiency of the evidence to support a criminal conviction "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.").

constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." Id. (internal quotation marks, brackets and quoted case omitted).

On his direct appeal to the Missouri Court of Appeals, petitioner argued only that the trial court erred in denying his motions for judgment of acquittal and for new trial because there was insufficient evidence to sustain the convictions, as the victims' eyewitness identifications were faulty and there was no other evidence of his guilt. Petitioner did not raise before the state court the legally distinct claim he now attempts to assert: that admission of the victims' eyewitness identifications into evidence violated his due process rights because the faulty identifications were procured as a result of improperly suggestive police procedures.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent[.]'" Bousley v. United States, 523 U.S. 614, 622 (1998) (internal citations omitted). Petitioner has not attempted to meet either standard and therefore the Court cannot address his newly asserted claim.

Further, the Eighth Circuit has held that a party may not offer new legal theories in objections to a magistrate judge's report and recommendation, when those arguments have not been presented to the magistrate judge or addressed in the report and recommendation. "[W]hen a magistrate judge is hearing a matter pursuant to his or her limited authority to make a recommended disposition, a claimant must present all his claims squarely to the magistrate judge, . . . to preserve them for review.'" Madol v. Dan Nelson Auto. Group, 372 F.3d 997, 1000 (8th Cir. 2004) (internal quotation marks and quoted case omitted). "A party cannot, in his objections to [a Report and Recommendation], raise arguments that were not clearly presented to the magistrate judge." Ridenour v. Boehringer Ingelheim Pharms., Inc., 679 F.3d 1062, 1067 (8th Cir. 2012) (quoted case

3

omitted) (party waived claim where it was not presented to the magistrate judge, and district court properly refused to consider it).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's Objections are **overruled**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge is **sustained**, **adopted** and **incorporated** herein. [Doc. 23]

**IT IS FURTHER ORDERED** that Kenneth Winfield's, a/k/a Kenneth Wenfeel, Petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2254 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**, with no further action to take place herein.

An appropriate judgment will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  26th  day of October, 2016.